UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES STUTES,** individually and on behalf of all others similarly situated, | § § § § | Docket No. __3:19-cv-260__ |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| ProFlow LLC, | § § | CLASS/COLLECTIVE ACTION |
| Defendant. | § § § | PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1. James Stutes ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from ProFlow, LLC ("Defendant") under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Wage Acts") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2. Plaintiff worked for Defendant as a Flowback Operator.

3. Plaintiff and the other workers like them regularly worked for Defendant in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Ohio Wage Acts, and PMWA, Defendant improperly classified Plaintiff and those similarly situated workers as independent

contractors and paid them a daily rate with no overtime compensation.

6. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II.   JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's corporate headquarters are located in this District and Division, specifically Cleburne, Texas in Johnson County.

## III.   THE PARTIES

10. Plaintiff worked for Defendant as a Flowback Operator from approximately April 2017 to August 2017.

11. Plaintiff worked for Defendant in Pennsylvania and Ohio.

12. Throughout his employment with Defendant, Plaintiff was paid a day-rate with no overtime compensation and was classified as an independent contractor.

13. Plaintiff's consent to be a party plaintiff is attached as Exhibit A.

14. Plaintiff brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Defendant's day-rate system. Defendant paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA, Ohio Wage Acts, and PMWA.

15. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER OILFIELD WORKERS THAT WORKED FOR OR ON BEHALF OF PROFLOW, LLC WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE DURING THE LAST THREE (3) YEARS. (**"Putative Class Members")

16. Plaintiff also seeks class certification of such a class under FED. R. CIV. P. 23 under the PMWA and the Ohio Wage Acts.

17. Defendant **ProFlow, LLC** is corporation doing business throughout the United States, including Pennsylvania and Ohio. Defendant may be served by serving its registered agent for service of process, **Keith Grady, 801 Congress, Suite 250, Houston, Texas 77002.**

## IV.   COVERAGE UNDER THE FLSA

18. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that Defendant has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

21. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

22. As will be shown through this litigation, Defendant treated Plaintiff (and indeed all of its workers that it classified as independent contractors and paid a daily rate to without overtime compensation) as employees and uniformly dictated the pay practices of Plaintiff and its other workers including its so-called "independent contractors".

23. Defendant's misclassification of Plaintiff and the Putative Class Members as independent contractors does not alter their status as employees for purposes of the FLSA, the Ohio Wage Acts or the PMWA.

## V.   FACTS

24. Defendant specializes in flowback and well testing for oil and natural gas energy producers throughout the United States, including Pennsylvania and Ohio. To complete their business objectives, Defendant employed independent contractors.

25. Many of the individuals who worked for Defendant, were paid on a day-rate basis, misclassified as independent contractors, and make up the proposed Putative Class. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work.  These so-called independent contractors were paid a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

26. For example, Plaintiff worked for Defendant as a flowback operator from approximately April 2017 to August 2017. Throughout his employment with Defendant, he was classified as an independent contractor and paid on a day-rate basis.

27. As a Flowback Operator, Plaintiff spent his time operating and monitoring flowback equipment as the fluid used to hydraulically fracture a shale formation was recovered from the well at the surface.

28. The work Plaintiff performed was an essential and integral part of Defendant's core business.

29. While he was classified as an independent contractor, Defendant exercised control over all aspects of his job.

30. Defendant did not require any substantial investment by Plaintiff or the Putative Class Members for them to perform the work that was required.

31. Defendant determined Plaintiff and the Putative Class Members opportunity for profit and loss. Plaintiff and the Putative Class Members were not required to possess any unique or specialized skillset (other than that maintained by all other employees in their respective position) to perform their job duties.

32. Defendant and its clients controlled all the significant or meaningful aspects of the job duties performed by Plaintiff and the Putative Class Members.

33. Defendant and its clients determined the hours and locations Plaintiff and the Putative Class Members worked, tools used, and rates of pay received.

34. Even though Plaintiff and the Putative Class Members often worked away from Defendant's offices without the presence of a direct supervisor employed by Defendant, Defendant still controlled all aspects of Plaintiff and the Putative Class Members job activities by enforcing mandatory compliance with Defendant and its client's policies and procedures.

35. No real investment was required of Plaintiff and the Putative Class Members to perform their job.

36. More often than not, Plaintiff and the Putative Class Members utilized equipment provided by Defendant and/or its clients to perform their job duties. Plaintiff and the Putative Class Members did not provide the equipment he worked with on a daily basis.

37. Defendant and/or its clients made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Plaintiff and the Putative Class Members worked.

38. Plaintiff and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and insurance.

39. Plaintiff and the Putative Class Members were economically dependent on Defendant during their employment.

40. Defendant set Plaintiff and the Putative Class Members rates of pay, their work schedules, and prohibited them from working other jobs for other companies while they were working on jobs for Defendant.

41. Defendant directly determined Plaintiff and the Putative Class Members opportunity for profit and loss. Plaintiff and the Putative Class Members earning opportunities were based on the number of days Defendant scheduled them to work.

42. Moreover, the job functions of Plaintiff and the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

43. Plaintiff and the Putative Class Members did not have any supervisory or management duties.

44. Plaintiff and the Putative Class Members were not employed by Defendant on a project-by-project basis. In fact, while Plaintiff and the Putative Class Members were classified as

independent contractors, they were regularly on call for Defendant and/or its clients and were expected to drop everything and work whenever needed.

45. Plaintiff and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

46. Plaintiff and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

47. Defendant's policy of failing to pay their independent contractors, including Plaintiff and the Putative Class Members, overtime violates the FLSA, the Ohio Wage Acts and PMWA because these workers are, for all purposes, employees performing non-exempt job duties.

48. Because Plaintiff (and Defendant's other independent contractors) were misclassified as independent contractors by Defendant, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## VI.     FLSA VIOLATIONS

49. As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

50. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Defendants failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

51. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII.  PMWA VIOLATIONS

52. Plaintiff brings this claim under the PMWA as a Rule 23 class action.

53. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

54. At all relevant times, Defendant was subject to the requirements of the PMWA.

55. At all relevant times, Defendant employed Plaintiff and the Putative Class Members as an "employee" within the meaning of the PMWA.

56. The PMWA requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and the Putative Class Members are entitled to overtime pay under the PMWA.

57. Defendant has and had a policy and practice of misclassifying Plaintiff and the Putative Class Members as independent contractors and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

58. Plaintiff and the Putative Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

59. Plaintiff and the Putative Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the PMWA.

### VIII.  OHIO WAGE ACT VIOLATIONS

60. Plaintiff brings this claim under the Ohio Wage Act as a Rule 23 class action.

61. The conduct alleged violates the Ohio Wage Act (O.R.C. §§4111).

62. At all relevant times, Defendant was and is subject to the requirements of the Ohio Wage Act.

63. At all relevant times, Defendant employed Plaintiff and each Class Member with Ohio state law claims as an "employee" within the meaning of the Ohio Wage Act.

64. The Ohio Wage Act requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Ohio Wage Act Class are entitled to overtime pay under the Ohio Wage Acts.

65. Defendant had a policy and practice of misclassifying Plaintiff and each member of the Ohio Wage Act class as independent contractors and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

66. Plaintiff and each member of the Ohio Wage Act Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

67. Plaintiff and each member of the Ohio Wage Act Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the Ohio Wage Act.

### IX.   CLASS AND COLLECTIVE ACTION ALLEGATIONS

68. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the Putative Class Members.

69. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, the Ohio Wage Acts and PMWA.

70. Numerous other individuals who worked with Plaintiff indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

71. Based on his experiences and tenure with Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on the Putative Class Members.

72. The Putative Class Members were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

73. Defendant's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

74. Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

75. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

76. Plaintiff has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

77. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

78. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and applicable state labor laws.

79. Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

80. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

81. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

 a. Whether Defendant employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA, the Ohio Wage Acts and PMWA;

 b. Whether the Putative Class Members were improperly misclassified as independent contractors;

 c. Whether Defendant's decision to classify the Putative Class Members as independent contractors was made in good faith;

 d. Whether Defendant's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

 e. Whether Defendant's violation of the FLSA, the Ohio Wage Acts and PMWA was willful; and

 f. Whether Defendant's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

82. Plaintiff's claims are typical of the claims of the Putative Class Members. Plaintiff and the Putative Class Members sustained damages arising out of Defendant's illegal and uniform employment policy.

83. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

84. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## X. JURY DEMAND

85. Plaintiff demands a trial by jury.

## XI. RELIEF SOUGHT

86. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

   d. For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of the both the federal and state law classes;

   e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
  Michael A. Josephson
  Texas Bar No. 24014780
  Andrew W. Dunlap
  Texas Bar No. 24078444
  **JOSEPHSON DUNLAP LAW FIRM**
  11 Greenway Plaza, Suite 3050
  Houston, Texas 77046
  713-352-1100 – Telephone
  713-352-3300 – Facsimile
  mjosephson@mybackwages.com
  adunlap@mybackwages.com

  **AND**

  Richard J. (Rex) Burch
  Texas Bar No. 24001807
  **BRUCKNER BURCH, P.L.L.C.**
  8 Greenway Plaza, Suite 1500
  Houston, Texas 77046
  713-877-8788 – Telephone
  713-877-8065 – Facsimile
  rburch@brucknerburch.com

  **ATTORNEYS IN CHARGE FOR PLAINTIFF**